# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>SUSAN D. BURM,<br>              Debtor<br><br>THE GORDON LAW FIRM LLP,<br>              Plaintiff<br>v.<br>SUSAN D. BURM,<br>              Defendant | Chapter 7<br>Case No. 21-11555-CJP<br><br><br><br><br>AP No. 21-1102-CJP |

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

By its complaint in this adversary proceeding (the "Complaint"), the plaintiff, The Gordon Law Firm LLP (the "Plaintiff"), seeks a determination that its judgment debt against the defendant debtor, Susan D. Burm (the "Debtor"), is excepted from discharge by 11 U.S.C. § 523(a)(2)(A)[1] as a debt for an extension, renewal, or refinance of credit obtained both by false pretenses and by actual fraud. The matter is before the Court on a motion by the Debtor for summary judgment. For the reasons set forth below, I will deny the motion.

**I.   PROCEDURAL HISTORY**

On August 11, 2021, the Debtor filed a petition for relief under chapter 7 of the Bankruptcy Code, thereby commencing the bankruptcy case in which this adversary proceeding arises. The events at issue in this proceeding occurred in an earlier chapter 11 case filed by the

---

[1] Unless otherwise noted, all section references herein are to Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*, as amended (the "Bankruptcy Code" or "Code").

Debtor in this Court (Case No. 14-12139) (the "Chapter 11 Case"). The Chapter 11 Case was commenced on May 7, 2014 and dismissed on August 15, 2017. For most of the time that earlier case was pending, the Plaintiff law firm represented the Debtor. This adversary proceeding involves a debt arising from that representation.

At the commencement of the present case, the Debtor was indebted to the Plaintiff on a state court judgment in the principal amount of $100,000. The Plaintiff has filed a complaint for a determination that its judgment debt is excepted from discharge by § 523(a)(2)(A). The Complaint includes only one enumerated count but is based on two separate and independent grounds for the determination it seeks under § 523(a)(2)(A), referencing both false pretenses and actual fraud. The Plaintiff alleges that, as part of a settlement agreement between the parties under which the Plaintiff compromised the attorneys' fees that the Debtor then owed the firm and agreed not to oppose dismissal of the Chapter 11 Case, the Debtor gave the Plaintiff a promissory note under the pretense that she intended to honor its promise of payment, that in fact she never intended to honor the promise, that the Plaintiff relied on this false pretense by entering into the settlement agreement, compromising its claim and not opposing dismissal of the case, that this reliance was justified, and that the Plaintiff was injured by it. Based on these allegations, the Plaintiff contends that its judgment debt, which arises from enforcement of the promissory note, should be excepted from discharge under § 523(a)(2)(A) as a debt for extension, renewal, or refinancing of credit obtained by false pretenses. As the second basis for the relief sought, the Complaint further alleges that within sixteen days of executing the promissory note, the Debtor transferred her residence, which then was the only asset in which she had equity, to her children for no consideration, and that this transfer was part of a scheme intended to place her residence beyond the reach of the Plaintiff and to advance her intention not

2

to honor the promissory note. Based on these facts, the Plaintiff contends that this scheme and transfer constituted "actual fraud" within the meaning of § 523(a)(2)(A) and, as such, supports a further basis for excepting its judgment from discharge. *See Husky Int'l Elecs., Inc. v. Ritz*, 578 U.S. 356, 366 (2016) ("actual fraud" encompasses fraudulent conveyance schemes, regardless of whether they involve a false representation).

The Debtor has moved for summary judgment because of what she contends are three defects in the Plaintiff's case: (i) that the Plaintiff cannot prove that the Defendant made a false representation, and, as a matter of law, the signing of the promissory note itself cannot be the basis for a false representation within the meaning of § 523(a)(2)(A); (ii) that the Plaintiff cannot prove that it actually relied on any representation the Debtor made about her ability to repay, because attorney Stephen Gordon ("Gordon"), who negotiated the settlement agreement for the Plaintiff, testified that he did not believe the Debtor when she protested repeatedly that she would be unable to pay the amount the Plaintiff was proposing as a settlement; and (iii) that the Plaintiff cannot prove that any reliance it placed on representations the Debtor made about ability to pay was justified.

The Plaintiff responds that summary judgment must be denied for two reasons. First, insofar as the count for false pretenses may be construed as one for a false representation, it does not fail as a matter of law because, under the governing law in this circuit, a contractual promise made without intent to perform is a false representation within the meaning of § 523(a)(2)(A) as it misrepresents the promisor's intent. *See Palmacci v. Umpierrez*, 121 F.3d 781, 787 (1st Cir. 1997). Second, the motion also fails because it does not address the alternative basis in the Complaint for excepting the debt from discharge: that the Debtor's fraudulent conveyance of her

3

residence constitutes actual fraud within the meaning of § 523(a)(2)(A).[2] *See Husky*, 578 U.S. at 366.

## II. ANALYSIS

A "principal purpose[] of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986) (interpreting prior but substantively similar version of Rule 56); *see also* Fed. R. Civ. P. 56 advisory committee's note to 1987, 2007, 2009, 2010 amendments (noting that changes have been stylistic or related to specific procedures but not affecting summary judgment standard). If a party seeking summary judgment "shows that there is no genuine dispute as to any material fact and [that she] is entitled to judgment as a matter of law," the court must grant summary judgment in her favor. Fed. R. Civ. P. 56(a); *see also* Fed. R. Bankr. P. 7056 (applying Fed. R. Civ. P. 56 to adversary proceedings). To establish that it is entitled to summary judgment, a party may show that the adverse party lacks sufficient admissible evidence to meet its burden of proof at trial. *See* Fed. R. Civ. P. 56(c)(1); *Celotex*, 477 U.S. at 322–23.

Section 523(a)(2)(A) excepts from discharge "any debt for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud." 11 U.S.C. § 523(a)(2)(A). It includes, within the one subsection, three distinct bases for excepting a debt from discharge: false pretenses, a false representation, and actual fraud. *See Dewitt v. Stewart (In re Stewart)*, 948 F.3d 509, 520 (1st Cir. 2020) (acknowledging that "[a]lthough sharing certain elements, false pretenses, false representation, and actual fraud form three distinct categories of misconduct, and by proving any

---

[2] The Debtor addressed the actual fraud count in a reply brief, and the parties further addressed that component of the count at the hearing and in supplemental briefing, but as the motion for summary judgment, itself, did not place that basis for the claim in contest, these arguments do not aid in resolving the motion and need not be detailed or addressed here.

of the three, the claimant will stave off discharge of a particular debt" (citations and internal quotations omitted)). False pretenses and false representation are similar but not identical in their requirements:

> Where an exception from discharge under § 523(a)(2)(A) is based on a false representation, the plaintiff must show that the debtor (1) made a false representation (2) with fraudulent intent ("scienter") and (3) intent to induce reliance on the representation, and that the misrepresentation (4) did induce reliance, (5) which was justifiable and (6) caused damage, pecuniary loss. *Palmacci,* 121 F.3d at 786; *In re Burgess,* 955 F.2d 134, 139 (1st Cir.[]1992) (as to elements other than reasonableness or justifiability of reliance). Where the exception is based on false pretenses, the requirements are largely the same, except that the requirement of a false representation is replaced by a requirement of a false pretense, which is an implied misrepresentation or a false impression created by conduct of the debtor. [*The Merchants Nat'l Bank of Winona v. Moen (In re Moen),* 238 B.R. 785, 791 (B.A.P. 8th Cir. 1999)]; *SunTrust Bank v. Brandon (In re Brandon),* 297 B.R. 308, 313 (Bankr.[]S.D.[]Ga.[]2002) (as distinguished from false representation, which is an express misrepresentation, false pretense involves an implied misrepresentation or conduct intended to create and foster a false impression); *H.C. Prange Company v. Schnore (Matter of Schnore),* 13 B.R. 249, 251–252 (Bankr.[]W.D.[]Wis.[]1981) (same).

*Old Republic Nat'l Title Ins. Co. v. Levasseur (In re Levasseur)*, 482 B.R. 15, 29 (Bankr. D. Mass. 2012), *aff'd,* 2013 WL 2436688 (D. Mass. June 3, 2013), *aff'd,* 737 F.3d 814 (1st Cir. 2013). "Actual fraud" means something different from "false representation" and can include fraudulent conveyances that do not include false representations. *Husky*, 578 U.S. at 366 (determining that "actual fraud" encompasses fraudulent conveyance schemes, regardless of whether they involve a false representation).

The first basis for the claim of nondischargeability—based on the allegation that the Debtor gave the Plaintiff a promissory note without ever intending to honor the promise of payment it contained—is described in the Complaint as arising under the false pretenses prong of

5

subsection (a)(2)(A). The Debtor seeks summary judgment because she contends that the Plaintiff cannot prove that she made a false representation. This position is inaccurate because a false representation is not a requirement of proving "false" pretenses within the meaning of subsection (a)(2)(A). *See, e.g., In re Stewart*, 948 F.3d at 520; *In re Levasseur*, 482 B.R. at 29.

The Debtor does not argue that, notwithstanding the Plaintiff's reliance on "false pretenses," the pleaded facts are more accurately characterized as arising under the false representation prong. Still, the two prongs are closely related, and a false pretense might fairly be characterized as involving a representation that, though implied and not articulated in words, is no less a representation. The misrepresentation alleged to support this claim straddles the line between false pretense and false representation: it involves a written representation in the form of a promise to pay the promissory note in accordance with its terms and an unstated but implied representation, which every promise, by definition, carries, that one intends to do that which is promised. Therefore, though strictly speaking the requirement of a false representation is not applicable, it is fair to consider the Debtor's argument.

The argument has two parts. The first is that the Plaintiff can adduce no evidence that the Debtor made a misrepresentation about her ability to pay. This argument fails because it is based on a misunderstanding of the count in issue. The count is not that the Debtor misrepresented her ability to pay. Rather, it is that the Debtor misrepresented her intention to pay. Its gravamen is that the Debtor signed the promissory note, and thereby promised to make the payments it required, without ever having intended to do that which she was promising to do.

The second part of the Debtor's argument is that a misrepresentation of this type is not a false representation within the meaning of § 523(a)(2)(A). For this she cites one case, *InSyte*

6

*Med. Techs., Inc. v. Lighthouse Imaging, LLC*, 2014 WL 958886 (E.D. Pa. Mar. 11, 2014), relying on the following language:

> A breach of contract claim, however, "cannot be 'bootstrapped' into a fraud claim merely by adding the words 'fraudulently induced' or alleging the contracting parties never intended to perform." *Galdieri v. Monsanto Co.*, 245 F.[]Supp.2d 636, 650 (E.D. Pa. 2002).

*InSyte Med. Techs., Inc.,* 2014 WL 958886, at *9. That case did not involve the interpretation of "false representation" in § 523(a)(2)(A) and does not stand for the proposition that a misrepresentation of intent to honor a promise is not a false representation or false pretense within the meaning of this subsection. Rather, the *InSyte* court was discussing the application of the "gist of the action doctrine" to claims under Pennsylvania law for fraud in the performance of a contract versus claims for fraud in the inducement. *Id.* at *8. The cited language is inapplicable to the present issue.

The First Circuit Court of Appeals has expressly held that a contractual promise, made without intent to do that which is promised, is a false representation under subsection (a)(2)(A).

> The test may be stated as follows. If, at the time he made his promise, the debtor did not intend to perform, then he has made a false representation (false as to his intent) and the debt that arose as a result thereof is not dischargeable (if the other elements of § 523(a)(2)(A) are met). If he did so intend at the time he made his promise, but subsequently decided that he could not or would not so perform, then his initial representation was not false when made.

*Palmacci v. Umpierrez*, 121 F.3d at 787. The Plaintiff has alleged a misrepresentation of precisely this nature: that the Debtor made a promise without intent to perform, which amounts to a false representation of intent. Although the Debtor has argued, incorrectly, that such a misrepresentation is not a false representation within the meaning of § 523(a)(2)(A), she has not argued that the Plaintiff cannot adduce evidence to support findings that she promised to pay the

7

promissory note in accordance with its terms when she had no intention to do so. For these reasons, the Debtor's first challenge fails.

The Debtor's second basis for summary judgment is that the Plaintiff cannot prove that it relied on any representation the Debtor made about her ability to repay. This argument fails because the first portion of the count is not based on a misrepresentation about ability to pay.

The Debtor's third and final basis for summary judgment is that the Plaintiff cannot prove that any reliance it placed on representations the Debtor made about ability to pay was justified. This argument, too, fails because the first portion of the count is not based on a misrepresentation about ability to pay but of intent to pay.

While not entirely clear, it appears that the Debtor is arguing that the Plaintiff was not justified in relying on her promise or intent to pay because the Plaintiff had to have known that, even if she intended to honor her promise, she could not honor it because her financial resources left her without the ability to do so. The Plaintiff is not entitled to summary judgment on this basis. The Supreme Court has made clear that the justifiability of reliance takes as its baseline the plaintiff's own capacity and knowledge and does not hold the plaintiff to the standard of a reasonable person.

> "[T]he matter seems to turn upon an individual standard of the plaintiff's own capacity and the knowledge which he has, or which may fairly be charged against him from the facts within his observation in the light of his individual case." Prosser, [Law of Torts § 108, p. 717 (4th ed.1971)]; accord, Prosser & Keeton, [Prosser and Keeton on Law of Torts § 108, p. 751 (5th ed. 1984)]; see also 1 F. Harper & F. James, Law of Torts § 7.12, pp. 581–583 (1956) (rejecting reasonableness standard in misrepresentation cases in favor of justifiability and stating that "by the distinct tendency of modern cases, the plaintiff is entitled to rely upon representations of fact of such a character as to require some kind of investigation or examination on his part to discover their falsity, and a defendant who has been guilty of conscious misrepresentation can not offer as a defense the plaintiff's failure to make the investigation or

8

> examination to verify the same") (footnote omitted); accord, 2 F. Harper,
> F. James, & O. Gray, Law of Torts § 7.12, pp. 455–458 (2d ed.1986).

*Field v. Mans*, 516 U.S. 59, 72 (1995). Here, viewing the evidence in the light most favorable to the non-moving party, the evidence establishes that although the Debtor repeatedly told Gordon that she could not afford to pay what he was asking of her, he had independent knowledge of her financial situation and ability and did not believe her protestations of inability to pay. Gordon testified that the Debtor owned one hundred percent of a business known as Boston Bridge & Steel, Inc. (BB&S), a Massachusetts corporation, and there is evidence that the Plaintiff took a security interest in the Debtor's stock in that business to secure the Debtor's obligation under the promissory note. Gordon testified that the Debtor had expressed to him that she had hopes to improve this business, that she had recently qualified "as a woman in a minority-owned business entity" and was likely to get significant contracts because of that status. The settlement agreement in which the Debtor gave the Plaintiff the promissory note included a term under which, if BB&S went out of business, then the amount required to be paid under the promissory note would be reduced from $162,000 to $100,000, which would be payable at the rate of $1,000 per month without interest. Gordon testified that he believed that, even if BB&S went out of business, the Debtor would have no trouble paying off the promissory note in this reduced amount at $1,000 per month. The record also establishes that the Debtor was able to make four monthly payments of $1,000 each on her obligation. The summary judgment record does not establish, as uncontroverted, that the Debtor was unable to make further payments or to honor her obligation in full, much less that the Plaintiff, through Gordon, had reason to know that was the case at the time the promissory note was executed. The Debtor does not contend that her inability to honor her obligation in full was among the uncontroverted facts on which her motion is predicated. *See* Debtor's Statement of Undisputed Material Facts (filed as exhibit to Motion

9

for Summary Judgment, Dkt. No. 13). For these reasons, the Debtor has not established that there is no genuine dispute as to the justifiability of the Plaintiff's reliance and therefore is not entitled to summary judgment on this basis.

As the Plaintiff correctly points out, the Debtor's motion for summary judgment does not address the second, alternate basis for excepting the same debt from discharge that her conveyance of her residence was part of a scheme constituting "actual fraud" under subsection (a)(2)(A). I therefore express no opinion on its merits at this juncture.

### III.  CONCLUSION

For the reasons set forth above, the Defendant's Motion for Summary Judgment is hereby DENIED.

Dated: December 12, 2022

By the Court,

Christopher J. Panos
United States Bankruptcy Judge